2026 IL App (2d) 260199-U
No. 2-26-0199
Order filed August 6, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

VLADISLAV SOUKUP, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Donald Tegeler Jr., Judge, Presiding.
No. 25-CF-2045

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in revoking defendant's pretrial release after defendant allegedly committed multiple felonies on two separate days while on pretrial release. Affirmed.

¶ 2    Defendant, Vladislav Soukup, appeals from the trial court's order revoking his pretrial release pursuant to section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2024)). The Office of the State Appellate Defender declined to file a memorandum on defendant's behalf, and therefore defendant's motion for relief before the trial court constitutes his argument on appeal. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). For the following reasons, we affirm.

I. BACKGROUND

¶ 4    On August 29, 2025, defendant was charged by complaint with seven counts related to events occurring on August 28, 2025. The alleged counts included possession of methamphetamine (720 ILCS 646/60(a) (West 2024) (Class 3 felony)), felon in possession of a weapon (720 ILCS 5/24-1.1(a) (West 2024) (Class 3 felony)), two counts of domestic battery (physical contact) (*id.* § 12-3.2(a)(2) (Class A misdemeanor)), and two counts of aggravated assault with use of a deadly weapon (*id.* § 12-2(c)(1) (Class A misdemeanor)). The domestic battery charges were for allegedly pushing Brittany Anderson, who was the mother of defendant's child, and for head-to-head contact with her step-child. The aggravated assault charges related to defendant waving a firearm in a living room and stating that he was going to put a bullet in Brittany's head.

¶ 5    Following a hearing, defendant was released pretrial. The conditions of his pretrial release were, *inter alia*, that he have no contact with Brittany, not possess a firearm, and not commit any criminal offenses.

¶ 6    On March 25, 2026, the State filed a verified petition to revoke defendant's pretrial release. The alleged offenses supporting revocation were across two cases: No. 26-CF-663 (Cir. Ct. Kane County), where defendant allegedly committed burglary (Class 2 felony) and retail theft (Class 3 felony) on March 14, 2026; and No. 26-CF-632, where defendant allegedly committed possession of cannabis with intent to deliver (Class 3 felony), unlawful possession of methamphetamine (Class 3 felony), and unlawful possession of cannabis (Class 4 felony) on March 16, 2026. The State's petition further stated that defendant's known criminal history included two convictions of residential burglary in 2015.

¶ 7    The trial court held a revocation hearing on the same day. At the hearing, the State proferred the police synopses of the two criminal cases against defendant from March 2026 and stated that

defendant had not yet been detained for those matters. The two synopses provided as follows. First, on March 14, 2026, a suspect identified as defendant concealed unpurchased retail merchandise valued at $141.21 past the point of sale at a Walmart in Elgin. Defendant was confronted and detained by Walmart staff. The property was recovered, but defendant fled. Defendant was later arrested and identified in a lineup by the Walmart staff. Second, on March 16, 2026, an officer observed defendant's vehicle while on patrol. The vehicle's registration did not match the car. The officer observed defendant enter a Jewel store, and he and other officers stopped defendant when he returned from the store to his car in the parking lot. Defendant advised that he had recently purchased the vehicle and that the seller had provided him with incorrect license plates. A police dog was brought to the scene, and the dog alerted to the odor of narcotics in the vehicle. Defendant advised officers that they would find an ounce of cannabis inside the car. Officers conducted a search and found 102.8 grams of what later was confirmed to be cannabis. Officers further located a tin containing a needle with blood and a clear baggie containing "2 clear rock like substances" that later tested positive for 0.9 grams of methamphetamine. Defendant denied knowing about the methamphetamine.

¶ 8    Defense counsel proferred that defendant was currently employed doing deliveries for $600 or less a week, provided financial support to one child, attended counseling biweekly, and resided at the Kane County address listed in the police synopses. Counsel also asserted that defendant would comply with any substance abuse treatment ordered or imposed.

¶ 9    The trial court found that there was clear and convincing evidence that defendant had committed either a Class A misdemeanor or a felony while on pretrial release, with one of the charges being "virtually the same as the '25 case." It was clear to the court "that there are no conditions of release that would allow him to be released in the public without him committing

another offense," and it was "quite clear that [defendant] has a drug issue." The court specifically found that neither electronic home monitoring (EHM) nor "ordering him to a facility" would be sufficient to prevent further offenses. Therefore, the court granted the State's petition to revoke pretrial release, and it entered a written order the same day.

¶ 10    On April 15, 2026, defendant filed a motion for relief under the Act. Therein, defendant argued that the State had failed to prove that conditions—such as EHM, an order to complete substance abuse treatment, and drug testing—could reasonably ensure his appearance and prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant contended that, at the revocation hearing, the State had merely presented synopses of the two new criminal cases against him, which was insufficient to meet its statutory burden.

¶ 11    The trial court heard defendant's motion for relief on April 20, 2026. At the hearing, defense counsel argued that there were conditions that could mitigate the risk that defendant would commit additional offenses on release, suggesting EHM, SCRAM, heightened levels of drug testing, and drug treatment. The State responded that defendant had been on release with max conditions but had committed multiple additional felonies on release, including burglary and possession of methamphetamine. The State disagreed that EHM was appropriate, noting that defendant would still be allowed significant movement while on EHM and that it would "not stop the defendant from possessing drugs *** and also not stop the defendant, potentially, from committing new offenses."

¶ 12    The State cited defendant's criminal history of two residential burglaries, for which he served six years' concurrently, and added that defendant had a Class A misdemeanor theft from 2015, for which he received supervision, and a Class A misdemeanor for unlawful possession of drug paraphernalia from 2023, for which he initially received 12 months' supervision and 50 hours'

community service before his supervision was revoked and he was resentenced to 3 months' conditional discharge and 10 days' jail time. The State concluded that, based on defendant's newly charged offenses and his criminal history, pretrial detention was necessary to prevent additional offenses while awaiting trial.

¶ 13 The trial court, "[l]ooking at everything," denied defendant's motion for relief. Defendant timely appealed the same day.

¶ 14                                           II. ANALYSIS

¶ 15 Through defendant's motion for relief before the trial court, defendant contends on appeal that the court erred in revoking his pretrial release because the State failed to prove that conditions existed that could prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant suggests conditions such as EHM and drug screening would reasonably mitigate the risk that he may commit a subsequent offense on pretrial release. He further argues that, in addition to presenting insufficient evidence, the State did not "make much argument concerning possible conditions of release."

¶ 16 When a defendant is on pretrial release for a felony or Class A misdemeanor, that pretrial release may be revoked after a hearing only if the defendant is charged with a felony or Class A misdemeanor alleged to have occurred during the defendant's pretrial release. 725 ILCS 5/110-6(a) (West 2024); *People v. Seymore*, 2025 IL 131564, ¶ 23. At the revocation hearing, the court "shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." 725 ILCS 5/110-6(a) (West 2024). Further, the State bears the burden of proving by clear and convincing evidence that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings *or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.*"

- 5 -

(Emphasis added.) *Id.* Where, as here, the parties proceeded by proffer at the revocation hearing without any live witness testimony, our review is *de novo*. See *People v. Morgan*, 2025 IL 130626, ¶¶ 44, 51, 54 (addressing section 110-6.1 hearings).

¶ 17 Here, the State's evidence demonstrated that defendant would not abide by conditions and had an unacceptable risk of criminal behavior on pretrial release. While defendant was on release for charges that included unlawful methamphetamine possession, assault, and domestic battery, he was alleged to have attempted theft on one day and was found in unlawful possession of methamphetamine and cannabis on another. Defendant also has a criminal history (residential burglary, theft, and a drug-related charge) that mirrors his current allegations, which further demonstrates the risk of him committing additional offenses on release. The State's evidence is consistent with a pattern of criminal behavior and, as the trial court observed, problematic drug issues.

¶ 18 Defendant is correct that the State did not explicitly argue conditions at the revocation hearing. However, the State did explicitly argue conditions at the motion-for-relief hearing. There, the State persuasively argued that EHM cannot reasonably deter defendant from committing further crimes under these circumstances. As we have observed previously, EHM and GPS monitoring are reactive in nature, and defendants are permitted significant latitude in their movements. *People v. Jett*, 2025 IL App (2d) 250298-U, ¶ 25. Under EHM, defendant would still have opportunities for unlawful drug-related activities or thefts outside the home, and we note that the case defendant was on release for involved a domestic incident. Moreover, drug screenings and substance abuse counseling could be beneficial to defendant personally, but those conditions at best will begin to help him address any personal drug-use issue; they will not reasonably prevent

him from engaging in criminal activity on release, including, as alleged to have already occurred on release, theft and possession with intent to deliver.

¶ 19　　In sum, the State's evidence clearly and convincingly established that no conditions would prevent defendant from being charged with a subsequent felony or Class A misdemeanor on pretrial release. Accordingly, the trial court did not err in revoking defendant's pretrial release pursuant to section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2024)).

¶ 20　　Last, we note our disposition was filed past 100 days for good cause, after permitting the State to file a late memorandum. See Ill. S. Ct. R. 604(h)(8) (eff. Apr. 15, 2024).

¶ 21　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　For the reasons stated, we affirm the order of the circuit court of Kane County revoking defendant's pretrial release.

¶ 23　　Affirmed.